UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROSALINA MAYAS,                                                   REPORT AND
                         Plaintiff,                                  RECOMMENDATION
        -against-
AMERICAN DENTAL OFFICES,                                          12-CV-1893 (CBA) (JO)
                         Defendant.
----------------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Plaintiff Rosalina Mayas ("Mayas"), appearing *pro se*, asserts that defendant American Dental Offices ("American Dental") terminated her employment on the basis of her age and is therefore liable to her for its violations of federal law. *See* Docket Entry ("DE") 1 (Complaint) (citing the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.). American Dental now seeks summary judgment. DE 23. Upon a referral from the Honorable Carol Bagley Amon, Chief United States District Judge, I now make this report and, for the reasons set forth below, respectfully recommend that the court grant the motion.

I.     Background

       The following recitation of undisputed facts is drawn from the statement that American Dental submitted pursuant to Local Civil Rule 56.1, DE 23-2 ("Statement"), as ratified by Mayas's response to the instant motion, DE 26 ("Opp."), which asserted certain additional undisputed facts but which did not dispute any factual allegation in American Dental's statement.[1]

---

[1] Pursuant to Local Rule 56.2, American Dental provided Mayas with a copy of Local Civil Rule 56.1, as well as additional information about the procedure on a motion for summary judgment and the requirement that Mayas oppose the motion by reference to specific facts in the record that create a genuine issue of material fact. *See* DE 22. I have also reviewed the entire record in analyzing the instant motion, and will deem disputed any fact at odds with American Dental's position that is supported by any evidence in the record. That record includes – in addition to the Complaint, the Statement, and Mayas's opposition – the transcript of Mayas's deposition and the affidavit of Dr. Philip Hirschhorn. DE 23-1 at 24-67 ("Tr."); *id*. at 76-121 ("Hirschhorn Aff.").

Mayas was born on August 20, 1955. She began working for American Dental's corporate predecessor in 1982 or 1983 as the manager of its office on Kings Highway in Brooklyn, New York, and American Dental hired her to continue in that capacity after it purchased its predecessor's assets on July 18, 2008, at which time Mayas was 52 years old. Mayas continued to work as the manager of the Kings Highway office for American Dental until the company terminated her employment on August 30, 2010, at which time Mayas was 55 years old. *See* Statement ¶¶ 7, 20-22, 24, 79; Tr. 49-53, 55-56, 81; Hirschhorn Aff. ¶ 24 & Ex. 7 ¶ 3; DE 23 (affidavit of defendant's counsel Mark Sussman) ("Sussman Aff.") Ex. 2 (EEOC charge).

Dr. Philip Hirschhorn has at all relevant times been American Dental's Chief Executive Officer. His wife Elizabeth Hirschhorn has at all relevant times been the company's Chief Financial Officer. Both are older than Mayas, and both have hired and continued to employ persons over the age of 40 to work at American Dental. *See* Statement ¶¶ 8-19; Hirschhorn Aff. ¶¶ 1-2, 4-10.

Mayas's responsibilities generally included management and supervision of staff, professional development, and patient triage; the general upkeep and cleanliness of the office, including office-traffic management; and the discretionary power to hire any additional staff as necessary to ensure the office ran smoothly. *See* Statement ¶¶ 48-51, 55-57; Tr. 100-02, 107-08; Hirschhorn Aff. Ex. H. Mayas's duties also included ensuring patients paid for the services they received, either as they arrived at the office or before they left. *See* Statement ¶ 30; Hirschhorn Aff. ¶ 12. In addition, Mayas was also responsible for completing "Care Credit sales" – that is, the sale of discretionary dental products and services to American Dental's patients. After an American Dental dentist had examined a patient, Mayas would meet with the patient and, acting

on information provided by the dentist, try to persuade the patient to buy products or services the dentist had recommended. These Care Credit sales accounted for a large portion of the office's revenue, and the company deemed them essential to each office's success. As a result, and as Mayas acknowledged, the profitability of the Kings Highway office was a fair measure of Mayas's work performance. *See* Statement ¶¶ 25, 31; Tr. 81; Hirschhorn Aff. ¶ 13.

Mayas had several opportunities before 2010 to get training to improve her Care Credit sales, either with a Care Credit representative or with other office managers who had been very successful with their own sales, but she elected not to receive such training. Statement ¶¶ 34-35; Hirschhorn Aff. Ex. C; Tr. 87, 159-61, 164. Her sales did not improve and, beginning in January 2010, Mayas's supervisors gave her a series of evaluations and warnings regarding her performance as office manager. Statement ¶ 27; Tr. 77-80, 90-91.

In January 2010, Mrs. Hirschhorn called Mayas to a meeting to discuss Mayas's performance and the Kings Highway office's profitability. Mrs. Hirschhorn told Mayas that both she and Dr. Hirschhorn were very concerned about recent front desk collection reports from the Kings Highway office: from August to December 2009, that office had had the least profitable front desk collections of all ten of American Dental's offices. She also told Mayas that she must improve her Care Credit sales. Statement ¶¶ 28-31; Tr. 79-85; Hirschhorn Aff. Exs. A-C.

To that end, Mrs. Hirschhorn offered to make Carmen Rivera ("Rivera") available to work with Mayas and help her to improve her performance. Rivera, who was 58 years old at the time the Statement was filed, was a senior office manager at American Dental's Hicksville office. While she and Mayas had similar responsibilities, Rivera, unlike Mayas, excelled at making Care Credit sales. Mayas had previously declined an opportunity to have Rivera try to help her

improve her Care Credit sales and her overall job performance in her role as office manager. Statement ¶¶ 18-19, 29, 34; Hirschhorn Aff. ¶ 10, Ex. A; Tr. 84-87.

Following the January 2010 meeting, Rivera visited the Kings Highway office periodically to offer Mayas her help and to observe and review Mayas's performance. Throughout these visits, Rivera made multiple suggestions to Mayas as to how she could improve the performance of the Kings Highway office. Mayas refused to heed Rivera's advice. She testified that she saw no reason to do so, or to take advantage of training opportunities, because she "knew how to sell Care Credit." Tr. 87; *see* Statement ¶¶ 40-45, 47, 76; Tr. 96-98, 110, 112-13, 141-42.

Also in January 2010, a staff dentist named Dr. Houssain complained to the Hirschhorns that the receptionist at the Kings Highway office was consistently being rude to customers and damaging their business. In February 2010, Dr. Hirschhorn counseled Mayas after he was notified that the Kings Highway office was still not functioning efficiently. He instructed Mayas to consider replacing staff members that were causing issues at the office and told her that poor performance and bad attitudes were not to be tolerated. Statement ¶¶ 46, 48-51; Tr. 100-02; Hirschhorn Aff. Exs. D-E.

Mayas's performance did not improve: in the first quarter of 2010, her Care Credit sales totaled only $373, and the Kings Highway office again trailed all of the others in such sales. In contrast, Rivera had a total of $101,370 in sales at her own office during the same quarter. She also, while working at the Kings Highway office, had $1,018 in sales on her second day – well more than double Mayas's total sales for the entire first quarter of 2010. Statement ¶¶ 52-54; Hirschhorn Aff. Exs. F-G.

4

Those facts prompted Dr. Hirschhorn to visit the King's Highway office for an observation of its management in April 2010. He memorialized his observations and concerns in a detailed e-mail to Mayas on April 6, 2010. In his message, Dr. Hirschhorn expressed his dissatisfaction with, among other things, the Kings Highway office's cleanliness, its professional staff's performance, its patient traffic flow, and its Care Credit sales. *See* Statement ¶ 55; Hirschhorn Aff. Ex. H. Mayas responded with an e-mail to Dr. Hirschhorn on April 8, 2010. Mayas acknowledged that she understood the criticisms of her work to be serious, agreed that she needed to address the problems Dr. Hirschhorn had cited, and stated that she would do so immediately. Hirschhorn Aff. Ex. I; *see also* Statement ¶¶ 56-58; Tr. 102, 105, 107-08, 111-12.

Notwithstanding that promise, Mayas's work did not improve. Rivera made follow-up visits in which she suggested ways Mayas could improve her performance and that of the Kings Highway office, but Mayas made none of the changes that either Dr. Hirschhorn had requested or that Rivera had recommended. Statement ¶¶ 59, 62, 64; Hirschhorn Aff. Exs. J, L. Moreover, in June 2010, an American Dental client with a multi-million dollar account complained about the Kings Highway office to Dr. Hirschhorn, characterizing the staff as disrespectful, the office as sloppy, and its overall functioning as inefficient. *See* Statement ¶ 70; Tr. 126-27; Hirschhorn Aff. Ex. M. Dr. Hirschhorn passed the comment on to Mayas in an e-mail in which wrote that he had "never been so embarrassed" by a complaint as he had been by this one. Hirschhorn Aff. Ex. M.

The Hirschhorns decided to terminate Mayas's employment due to her continued poor work performance; she was officially terminated on August 30, 2010. Statement ¶ 79; Hirschhorn Aff. ¶ 24; Sussman Aff. Ex. 2. They then hired Katerin Rochet ("Rochet") to replace

5

Mayas as the manager of the Kings Highway office. Rochet was 29 years old at the time, and thus 26 years younger than Mayas, but had eleven years of experience as a dental office manager. Statement ¶¶ 100-103; Hirschhorn Aff. Ex. N. Mayas later testified that at the time of her discharge, she did not believe she was being fired because of her age because it "never came to mind." Statement ¶ 81; Tr. 135. During Rochet's tenure, the Kings Highway office enjoyed significantly greater productivity. Statement ¶ 104. The Hirschhorns later terminated Rochet and replaced her with an employee who was a year younger than Mayas. *Id*. ¶¶ 105-06.

Mayas filed a discrimination charge with the Equal Employment Opportunity Commission on October 25, 2010. Complaint ¶ 10. The Commission dismissed that charge on March 9, 2012. *See id*. ¶ 12 & pp. 7-10. Mayas then timely filed her Complaint on April 17, 2012, asserting that American Dental discriminated against her on the basis of her age, in violation of the ADEA, by terminating her employment and replacing her with a younger woman, and also by engaging in a pattern of age discrimination that resulted in the termination of 40 employees. *See id*. ¶ 8.

On April 4, 2013, after the parties had completed discovery, *see* DE 18 (minute entry), American Dental filed the instant motion. DE 23. Its motion papers included, in addition to the factual materials cited above, a memorandum of law, DE 23-3 ("Memo."), and the required notice to Mayas, as a *pro se* litigant opposing summary judgment, pursuant to Local Civil Rule 56.2. *See* DE 23-3; DE 22 (notice). Mayas filed a two-page response to the motion on April 18, 2013, that included both a counter-statement of fact and an argument as to why the case should not be dismissed. DE 26. American Dental filed a reply memorandum on April 25, 2013. DE 28 ("Reply"). The court referred the motion to me in an order dated April 8, 2013.

II.  Discussion

    A.  Summary Judgment

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In determining whether to grant summary judgment, a court is confined to issue-finding, not issue resolution. *Rasmussen v. Sigma Corp. of Am.*, 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998) (citations omitted). The court does not "weigh the evidence and resolve the factual issues" but rather "determine[s] as a threshold matter whether there are genuine unresolved issues of material fact to be tried." *Owens v. New York City Hous. Auth.*, 934 F.2d 405, 408 (2d Cir. 1991) (quoting *Gibson v. Am. Broad. Cos.*, 892 F.2d 1128, 1132 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 56(c). A fact is material if it "'might affect the outcome of the suit under the governing law.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue is presented if "'the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" *Id*. "[A]ll reasonable inferences are drawn in favor of the non-movant[.]" *Wellesley v. Debevoise & Plimpton LLP*, 346 F. App'x 662, 662 (2d Cir. 2009). A party opposing summary judgment may not rely solely on allegations in the complaint to establish a genuine issue of material fact. Fed. R. Civ. P. 56(e); *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).

On a motion for summary judgment the Court must read a *pro se* litigant's submissions liberally and "interpret them to raise the strongest arguments that they suggest." *Pabon v. Wright*,

7

459 F.3d 241, 248 (2d Cir. 2006) (internal citations omitted). "However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not support a cause of action." *Wright v. Kromm*, 2011 WL 4526405, at *2 (S.D.N.Y. Sept. 29, 2011) (internal citations and quotations omitted).

      B.     <u>Analysis</u>

In determining whether Mayas's ADEA claim withstands the motion for summary judgment, the court must apply the familiar three-step burden-shifting analysis. In the context of a motion for summary judgment, the first step is to determine whether Mayas can establish a *prima facie* case of age discrimination by demonstrating that she belonged to the protected age group, that she suffered an adverse employment action, that she was qualified at the time of her hiring, and that the circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000). If she can do so, she is entitled to a presumption that her employer unlawfully discriminated against her, and the burden then shifts to American Dental to articulate some legitimate, nondiscriminatory reason for its action. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). "The employer need not prove by a preponderance of the evidence that the reasons for his action were not discriminatory, but may simply 'present clear and specific reasons for the action.'" *Gibbs v. Consol. Edison Co. of N.Y., Inc.*, 714 F. Supp. 85, 89 (S.D.N.Y. 1989) (citation omitted). If American Dental meets that burden, the presumption of discrimination disappears, and the sole remaining issue is whether Mayas can establish that it intentionally discriminated against her. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). To do so, Mayas must prove that age was the "but-for" cause of the challenged adverse

employment action and not just a contributing or motivating factor. *See Gorzynski*, 596 F.3d at 106 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 179-80 (2009)).

The first two steps of the analysis are easily addressed. There is no dispute that Mayas is in the protected class of persons over 40 years of age or that she suffered the adverse employment action of termination; moreover, for purposes of its motion, American Dental assumes that Mayas was qualified for her position when she was hired. *See* Memo. at 8. American Dental contends, however, that the record concerning the circumstances surrounding the decision to terminate Mayas cannot give rise to an inference of discrimination. *See id*. at 9-12. I disagree. There is no dispute that the defendants terminated Mayas when she was 55 years old, and replaced her with someone decades younger. The case law is clear that "an employer's decision to replace an older worker with a significantly younger one can support an inference of intentional age discrimination[.]" *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 78-79 (2d Cir. 2005) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001)); *Kittrell v. Dep't of Citywide Admin. Servs. Div. of Pers.*, 2013 WL 2395198, at *10 (E.D.N.Y. May 31, 2013) (citing cases).[2]

---

[2] In arguing to the contrary, American Dental relies primarily, and improvidently, on *Gmyrek v. Metro. Life Ins. Co.*, 2007 WL 2403205 (E.D.N.Y. Aug. 20, 2007) (cited in Memo. at 10). The case is easily distinguished: in *Gmyrek*, the plaintiff alleged no more than that she was one of ten older employees replaced by 17 "young" ones. *Id*. at *4. The court held that such a generalized allegation alone did not suffice "when, as here, the plaintiff offers no evidence of how much younger the replacements were." *Id.* Relying on that opinion, American Dental writes, quite carefully, that "*Plaintiff* admittedly has no information regarding the age … of her replacement, Ms. Rochet." Memo. at 10 (emphasis added). While the assertion is true to some extent (it turns out that Mayas was off by only one year in estimating Rochet's age), it is misleading: the *record* does have such information (even if Mayas herself is not its source), and unequivocally demonstrates that Rochet was 29 years old at the time she was hired to replace Mayas, who is 26 years older. *See* Statement ¶ 102.

While the record thus plainly supports a *prima facie* inference of discrimination, it just as plainly shows that the defendant has cleared the second step of the analysis. American Dental has indisputably met its burden of articulating a legitimate, nondiscriminatory reason for terminating Mayas: her consistently poor work performance. As set forth above, the record demonstrates not only a basis for concluding that American Dental deemed Mayas to have performed poorly in critical areas of responsibility (and received complaints about her performance from others), but also that it brought such concerns to her attention, that she acknowledged and promised to address its concerns, that she failed to take advantage of remedial training opportunities, and that she failed to remedy her performance to her employer's satisfaction even after being warned of its concern and making a commitment to do better.

As a result, the resolution of the instant motion turns on whether there is sufficient evidence in the record to allow a reasonable jury to find that age discrimination was the but-for cause of American Dental's decision to terminate Mayas. I conclude that there is not. First, there is nothing in the record to suggest that the proffered reason for terminating Mayas – her sustained poor performance – was pretextual. To the contrary, as Mayas acknowledged in writing at the time and then later acknowledged in her deposition testimony, she understood that the criticisms of her work that preceded her termination were serious and required immediate improvement. *See* Statement ¶¶ 56-58; Hirschhorn Aff. Ex. I; Tr. 102, 105, 107-08, 111-12. Indeed, Mayas acknowledged that her employer had concluded that her performance did not meet the employer's standards and that she might therefore lose her job. *See* Statement ¶¶ 73, 77; Tr. 179, 181, 191, 209-210.

Second, and more fundamentally, Mayas had no reason to believe that her age was even a contributing factor to the decision to terminate her, much less the but-for cause; instead, she recognized that the risk to her continued employment was her employer's belief that she was performing poorly. *See* Statement ¶ 78; Tr. 181-82. Likewise, once she was terminated, it did not at first even occur to Mayas to attribute her firing to age discrimination. *See* Statement ¶ 81; Tr. 135.

Reading Mayas's submissions to include the strongest arguments they suggest, it appears that Mayas asserts three possible reasons to infer that American Dental fired her on the basis of her age: the fact that her replacement was younger, the contention that Mrs. Hirschhorn complimented her sales performance in 2010, and the assertion that American Dental terminated other workers in the protected class. As discussed below, I conclude that none of those arguments suffices to warrant a trial.[3]

---

[3] Mayas has made seven separate factual assertions in opposition to the motion. *See* Opp. at 1. I agree with American Dental that the first and fourth – to the effect that American Dental advertised a job opening for Mayas's position four months before firing her and then lied to Mayas when she asked about the advertisement – are not evidence that it discriminated against Mayas on the basis of her age. *See* Reply at 4-5. At most, those assertions, if true, show that American Dental began planning to replace Mayas months before actually firing her, and thereby failed to accord her the dignity and respect that her long service had earned. As Mayas herself acknowledged at her deposition, however, American Dental did not take out the advertisement, or lie about doing so, because of Mayas's age. *See* Tr. at 180-82. I also agree with American Dental that Mayas's second, third, and sixth assertions of fact – that it warned Mayas of her responsibility to remedy the decline in Care Credit sales, that it sent Rivera to guide Mayas in running an office she had managed for over twenty years, and that it requested information about Care Credit sales in January 2010 – not only fail to raise an inference of discrimination, but instead bolster its contention that it terminated Mayas because of her poor performance. *See* Reply at 6. The seventh factual assertion, that American Dental terminated Mayas without reason, is not only at odds with the record for reasons set forth in the text, it is also one that fails to satisfy Mayas's burden at the third stage of the analysis – that is, regardless of whether it explained the termination at the time to Mayas, American Dental has now met its burden of proffering a nondiscriminatory basis for the adverse employment action at issue. That leaves only the sixth factual assertion in Mayas's opposition – namely, that Mrs. Hirschhorn praised her performance in 2010 – which I address below.

Although the fact that Mayas was replaced by a much younger office manager, standing alone, is enough to raise a *prima facie* case of inference at the first step of the analysis, it does not similarly suffice to defeat the motion at the third step. To be sure, while a plaintiff can, in some circumstances, rely on the same evidence at the first and third stage, she cannot do so where, as here, "the employer has come forward with 'evidence of a dispositive nondiscriminatory reason as to which there is no genuine issue and which no rational trier of fact could reject[.]'" *Viruet v. Port Jervis City Sch. Dist.*, 2013 WL 4083229, at *8 (S.D.N.Y. Aug. 13, 2013) (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995)). The record amply demonstrates that American Dental had long-standing concerns about Mayas's performance, that it offered Mayas a detailed critique of her performance and gave her time to improve as well as the opportunity to receive guidance and training to that end, that Mayas failed to take advantage of the opportunity for remediation, that an objective metric of Mayas's performance showed no improvement, and that American Dental therefore terminated Mayas for reasons having nothing to do with her age. As a result, the fact that Rochet, Mayas's replacement, was much younger is of no moment at this stage of the analysis. Moreover, the record is undisputed that although Rochet was younger than Mayas, she had extensive experience as a dental office manager at the time of her hiring, she performed better in the position than Mayas had done, and she was ultimately replaced by another office manager only a year younger than Mayas. Given this record, a rational fact-finder could not reasonably rely solely on the age difference between Mayas and Rochet, to the exclusion of all of the other evidence summarized above, to make a finding of age discrimination.

The assertion that Mrs. Hirschhorn praised Mayas for her work, and in particular for her Care Credit sales, at some time in 2010, likewise fails to defeat the motion for summary judgment for two reasons. First, the court may properly disregard the assertion on the ground that it is inconsistent with her deposition testimony. Mayas testified at length about a 2010 meeting she had with Mrs. Hirschhorn – the only such one-to-one meeting or conversation between them that she had ever described, prior to submitting her opposition to the instant motion – and acknowledged that she had been told at that meeting of the poor sales performance in the Kings Highway office. *See* Tr. 77-89. Her acknowledgment in that regard is consistent with Mrs. Hirschhorn's contemporaneous notes of the meeting. *See* Hirschhorn Aff. Ex. A. Under these circumstances, Mayas cannot now create a triable issue of fact by claiming that Mrs. Hirschhorn praised her in 2010. *See Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony") (internal citations omitted). Second, and more fundamentally, even if it is true that at some point in 2010, Mrs. Hirschhorn praised Mayas for her Care Credit sales, that fact alone (or in combination with other facts in the record) would not support an inference either that American Dental's proffered reason for the termination was a pretext or that it had terminated Mayas on the basis of her age.[4]

---

[4] Mayas did testify that as a general matter, the Hirschhorns would call or e-mail her office to offer congratulations on a Credit Care sale (although she did not claim to have received any such communication for a sale she had made). *See* Tr. 92-93. To the extent that Mayas's assertion that Mrs. Hirschhorn praised her for her Care Credit sales at some point in 2010 refers to the kind of congratulatory communication Mayas described in her deposition, the assertion is not barred for being inconsistent with the record, but it fails to provide a basis for denying the instant motion for summary judgment. American Dental does not contend that Mayas made no such sales in 2010, and evidence of a congratulatory call for a sale that Mayas did make would not demonstrate Mayas had made sufficient sales to satisfy her employer.

Finally, Mayas's assertion that American Dental terminated other employees in the relevant protected class does not suffice to defeat the instant motion because it finds no support in the record. Mayas has identified nine other employees whom she believes to have been terminated on the basis of age, but acknowledges that she is aware of no facts supporting her belief that age was a factor in the decisions to fire them aside from her understanding of their respective ages. She has never spoken to any of the nine about the circumstances under which they were terminated, and she knows nothing of the quality of their work, the grounds for their terminations, or the ages of the workers that replaced them. *See* Statement ¶¶ 84-98; Tr. at 182, 193-98, 201-03, 277-88. Indeed, it is now undisputed that one of the nine was not terminated at all. *See* Statement ¶ 96; Hirschhorn Aff. ¶ 30.

As set forth above, there is simply no evidence in the record to support either the proposition that American Dental's proffered reason for terminating Mayas – its perception of her poor work performance – was a pretext or the proposition that age discrimination played any part, let alone a dispositive one, in the decision to terminate her. Accordingly, I conclude that there is no genuine issue as to any material fact and that American Dental is entitled to a judgment as a matter of law.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the defendant's motion to dismiss all claims in the Complaint on summary judgment.

IV.    Objections

I direct the defendant to serve a copy of this Report and Recommendation on the plaintiff by certified mail, and to file proof of service no later than February 28, 2014. Any objections to

this Report and Recommendation must be filed on the electronic docket no later than March 14, 2014. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

    SO ORDERED.

Dated: Brooklyn, New York
       February 25, 2014

                                                        /s/
                                       JAMES ORENSTEIN
                                       U.S. Magistrate Judge